# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

KRISTIAN A. CHERRY,

    Plaintiff,

v.

AMSHER COLLECTION SERVICES, INC.,

    Defendants.

## COMPLAINT

NOW comes KRISTIAN A. CHERRY ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AMSHER COLLECTION SERVICES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and the TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. § 227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business within the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4.  Plaintiff is a 38 year-old natural "person," as defined by 47 U.S.C. §153(39), residing in Denver, Colorado, which lies within the District of Colorado.

5.  Defendant is a debt collector that provides "specialized accounts receivable service from coast-to-coast."[1] Defendant is a corporation organized under the laws of the state of Alabama with its principal place of business located at 4524 Southlake Parkway, Suite 15, Hoover, Alabama.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.  The instant action stems from Defendant's attempt to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

9.  In approximately early March 2019, Plaintiff began receiving calls from Defendant to her cellular phone, (720) XXX-8778, attempting to collect the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8778. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.amsher.com/about

11. Defendant mainly uses the phone number (855) 894-1090 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

12. Upon information and belief, the above referenced phone number is regularly utilized by Defendant in its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting several seconds in length, before being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was confused as to why she was receiving calls from Defendant as she had never heard of Defendant prior to speaking with it.

15. Plaintiff demanded that Defendant cease calling her cellular phone in an attempt to collect upon the subject consumer debt.

16. Notwithstanding Plaintiff's demands, Defendant has continued placing calls to her cellular phone seeking to collect upon the subject debt up until the filing of the instant action.

17. Plaintiff received not less than 20 phone calls from Defendant in the short amount of time since she demanded that Defendant stop calling her cellular phone.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies incessant collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiffs repeat and reallege paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §§ 1692d and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 20 times within a short timeframe after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was harassing and abusive. The frequency, volume, and pattern of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent to annoy and harass her.

    b.  **Violations of the FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

30. Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Despite the fact that Plaintiff demanded that Defendant stop calling, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

    c. **Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 20 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff KRISTIAN A. CHERRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

35. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds and length, which Plaintiff experienced on answered calls from Defendant is instructive Defendant utilized an ATDS to place the phone calls. Moreover, the nature and frequency of Defendant's contacts, including repeated contacts made after Plaintiff requested that the calls stop, points to the involvement of an ATDS.

36. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the

originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

37. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

38. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KRISTIAN A. CHERRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 22, 2019                                          Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
***Nathan C. Volheim***                                      ***Taxiarchis Hatzidimitriadis***
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                      Lombard, Illinois 60148
(630) 568-3056 (phone)                                       (630) 581-5858 (phone)
nvolheim@sulaimanlaw.com                                     thatz@sulaimanlaw.com
Attorney for Plaintiff                                       Attorney for Plaintiff